**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL AGUILAR PEREZ, | No. 18-70474 |
| Petitioner, | Agency No. A077-445-465 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Samuel Aguilar Perez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Aguilar Perez failed to establish that the harm he suffered or fears in Guatemala was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We lack jurisdiction to consider Aguilar Perez's contentions regarding a pattern and practice of persecution. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Aguilar Perez's withholding of removal claim fails.

In light of this disposition, we need not reach Aguilar Perez's remaining contentions regarding his withholding of removal claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide

18-70474

issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Aguilar Perez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**